UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| QUINYATTE J. HARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00184-JPH-MJD |
| | ) | |
| DAVID WEDDING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Quinyatte Harrell filed this lawsuit when he was confined at Putnmaville Correctional Facility based on acts that took place while he was in custody at the Vanderburgh County Jail. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Harrell sues Sheriff David Wedding, Sergeant Woods, Sergeant Zubar, Officer Young, Officer Crowling, Officer Alexander, former nurse Trina, former nurse Tina, and John Doe Officers 1-5. He alleges that, when he experienced a seizure at the Vanderburgh County Jail, the officers and nurses responded and used excessive force against him. When he began to come out of the seizure, he was handcuffed with his hands behind his back and a spit mask was placed over this face. Sergeants Woods and Zubar, and Confinement Officers Young, Crowling, Alexander, and John Does carried him in a "hog tied" position. They then laid him on the cold floor while multiple officers tried to place him in a restraint chair.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

### A. Claims that are Dismissed

First, any claim against John Doe defendants is dismissed because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

In addition, any claim against Sheriff Wedding is dismissed. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on

personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Because Mr. Harrell does not allege that Sheriff Wedding participated in the alleged use of force, he has failed to state a claim against Sheriff Wedding.

### B. Claims that will Proceed

It is unclear from the complaint whether Mr. Harrell was a pretrial detainee or a convicted prisoner at the time of the incident at issue. If he was a convicted inmate, the Eighth Amendment's proscription on cruel and unusual punishment would apply. If he was a pretrial detainee, the objective reasonableness requirement of the Fourteenth Amendment's due process clause applies. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Either way, Mr. Harrell's allegations that when he was experiencing a seizure, he was subjected to a spit mask, carried while "hog tied," and placed on a cold floor sufficiently state a claim for excessive force under either the Fourteenth or Eighth Amendments. This claim shall proceed against defendants Woods, Zubar, Young, Crowling, Alexzander, Tina, and Trina.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 4, 2022,** in which to identify those claims.

The **clerk is directed** to terminate Sheriff Wedding and add Nurse Tina and Nurse Trina as defendants on the docket.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 10/7/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUINYATTE J. HARRELL
2021 North Fares Ave, Room 110
Evansville, IN 47711

Sergeant Woods
Vanderburgh County Jail
3500 N Harlan Ave
Evansville, IN 47711

Sergeant Zubar
Vanderburgh County Jail
3500 N Harlan Ave
Evansville, IN 47711

Officer Young
Vanderburgh County Jail
3500 N Harlan Ave
Evansville, IN 47711

Officer Crowling
Vanderburgh County Jail
3500 N Harlan Ave
Evansville, IN 47711

Officer Alexzander
Vanderburgh County Jail
3500 N Harlan Ave
Evansville, IN 47711

Nurse Tina
Vanderburgh County Jail
3500 N Harlan Ave
Evansville, IN 47711

Nurse Trina
Vanderburgh County Jail
3500 N Harlan Ave
Evansville, IN 47711