UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAUN ERIC MCKINLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-cv-00115-JPH-MG ) |
| JOHN DOES 1-6, | ) ) |
| Defendant. | ) ) |
| WARDEN OF USP TERRE HAUTE, | ) ) |
| Interested Party. | ) ) |

**ORDER OF DISMISSAL**

The Warden of USP Terre Haute, who appears in this lawsuit as an interested party, has filed two motions to dismiss the plaintiff's claims as barred by the statute of limitations. As explained below, these motions are **GRANTED**, and the plaintiff's claims are **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

On March 22, 2022, Shaun Eric McKinley, a transgender woman and a former prisoner at USP Terre Haute, initiated this lawsuit by filing the complaint. (Docket Entry 1). The complaint alleged that "John Doe" correctional officers at USP Terre Haute failed to protect her from a sexual assault by another prisoner on April 23, 2020, and that another "John Doe" correctional officer at USP Terre Haute battered and sexually assaulted her on July 27, 2020. (*Id.* at 7-21).

On August 9, 2022, the Court issued a screening order pursuant to 28 U.S.C. § 1915A. (Docket Entry 8). The screening order identified potentially viable Eighth Amendment claims but dismissed the complaint because the Seventh Circuit disfavors lawsuits against unidentified or "John Doe" defendants. (*Id.* at 3) (citing *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)). The Court issued process to the Warden of USP Terre Haute in his official capacity ("the Warden") and provided Ms. McKinley time to conduct discovery for the limited purpose of identifying the John Doe defendants. (*Id.* at 3-4).

During this discovery period, the Warden filed two materially identical motions to dismiss. (Docket Entries 24, 27). In these motions, the Warden argued that the statute of limitations had already expired, that an amended complaint would not "relate back" under Federal Rule of Civil Procedure 15(c), and that any amendment would therefore be futile. (*Id.*) (citing *Jackson v. Kotter*, 541 F.3d 688, 696 (2008) ("[n]ot knowing a defendant's name is not a mistake [allowing for relation back] under Rule 15"); *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910 (7th Cir. 2000) (holding the amended complaint would not relate back under Rule 15 because the plaintiff "did not mistakenly sue the wrong party. Rather, he had (and still has) a simple lack of knowledge of the identity of the proper party.") (cleaned up)).[1]

---

[1] The Seventh Circuit has explained that Rule 15(c) "is about relation back of amendments; it is not about whether to permit an amendment, which is the subject of Rules 15(a) and (b)." *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011). When a party seeks leave to amend a complaint, the district court "should [allow] the amendment" and then consider whether the amendment relates back under Rule 15(c). *Id.* In line with this direction, the Court allows Ms.

On May 1, 2023, Ms. McKinley filed the amended complaint. (Docket Entry 31). The allegations in the amended complaint are the same as the allegations in the original complaint, but the amended complaint identifies the six defendant correctional officers by name. (*Compare id. with* Docket Entry 1). Ms. McKinley has not responded to the Warden's motions to dismiss, and the time to do so has passed.

## II.
### LEGAL STANDARD

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chi.*, 907 F.3d 487, 491 (7th Cir. 2018).

A court should grant a motion to dismiss a claim as barred by the statute of limitations "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)). "As long as there is a conceivable set of facts, consistent with the

---

McKinley's amended complaint (docket entry 31), and now that it has been filed, considers whether the amended complaint relates back under Rule 15(c).

3

complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester*, 782 F.3d at 928. Still, "if a plaintiff alleges facts sufficient to establish a statute of limitation defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

## III.
### DISCUSSION

The Court construes the amended complaint as bringing Eighth Amendment claims against six federal correctional officers under the theory set forth in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The statute of limitations for *Bivens* claims against federal officers is the same as for § 1983 actions against state officers: both periods are borrowed from the state in which the alleged injury occurred. *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017). In Indiana, the statute of limitations for a *Bivens* claim is two years. *Jackson*, 541 F.3d at 699.

The original complaint was filed within the two-year statute of limitations, but the amended complaint was not. The issue is whether the amended complaint "relates back" to the date on which the original complaint was filed, such that the claims brought in the amended complaint are timely.

Rule 15(c)(1) provides that an amended complaint relates back to an earlier complaint when:

4

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. 15(c)(1).

None of these provisions apply here for relation back of Ms. McKinley's amended complaint.

Rule 15(c)(1)(A) does not provide a separate basis for relation back because Indiana's relation-back rule, Ind. Trial R. 15(C), "is materially identical to the federal rule." *Joseph*, 638 F.3d at 558.

Rule 15(c)(1)(B) does not apply because the amended complaint changes "the naming of the party against whom a claim is asserted," as it changes the name of the defendants from "John Doe's 1-6" to the named officers. Fed. R. Civ. P. 15(c)(1)(C); (Docket Entry 1); (Docket Entry 31). Thus to avoid dismissal, the amended complaint must relate back under Rule 15(c)(1)(C). To do so, it must satisfy the requirements of Rule 15(c)(1)(B) as well as the additional requirements of Rule 15(c)(1)(C)(i) and (ii).

Rule 15(c)(1)(C) does not apply because Ms. McKinley's failure to name the proper defendants in the original complaint arose from a lack of knowledge about their identities, rather than "a mistake concerning the proper party's identity," as required by Rule 15(c)(1)(C)(ii). Ms. McKinley did not mistakenly believe that individuals named "John Doe's 1-6" had violated her Eighth Amendment rights; instead, she knowingly used "John Doe's 1-6" as placeholders because did not know the names of the officers who were liable for her injuries.

As the Warden argues, this case is analogous to the facts of *King*, where the prisoner's original complaint named "one unknown federal correctional officer" as the defendant. *King*, 201 F.3d at 913. In affirming the district court's order dismissing the lawsuit as time-barred, the Seventh Circuit explained:

> King has not satisfied this mistake requirement. King did not mistakenly sue the wrong party. Nor did he mistakenly sue the BOP instead of suing an individual BOP officer. Rather, King had (and still has) "a simple lack of knowledge of the identity of the proper party."

*Id.* at 914 (internal citations omitted).

In *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021), the Seventh Circuit reaffirmed the holding in *King* that "knowingly suing a John Doe defendant is not a 'mistake' within the meaning of Rule 15(c)" and reversed the district court's order allowing relation back. *Id.* at 495; *see also Rodriguez v. McCloughen*, 49 F.4th 1120, 122 (2022) (using "John Doe" as a placeholder "cannot be a 'mistake' for the purpose of Rule 15(c)(1)(C)(ii) because the plaintiff knows that no one named 'John Doe' was involved").

Given this precedent, the Court determines that Ms. McKinley's amended complaint does not relate back to the original, and the action must be dismissed as time barred. Accordingly, the Warden's motions to dismiss, [24] and [27], are **GRANTED**, and the action is **DISMISSED WITH PREJUDICE**. Final judgment in accordance with this Order and the Order screening the original complaint shall now issue.[2]

**SO ORDERED**.

Date: 7/13/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAUN ERIC MCKINLEY
05449-104
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

---

[2] In *Rodriguez v. McCloughen*, the Seventh Circuit held that a "delay caused by screening under § 1915A is 'good cause' for belated service, which increases the time for relation back under Rule 15(c)." 49 F.4th at 1123. But to receive the benefit of this tolling, "[t]he requirements of Rule 15(c)(1)(C) must still be met." *Id.* As explained above, Ms. McKinley has not met the requirement of showing that she would have named the proper defendants but for a "mistake." Also, the delay between the filing of Ms. McKinley's original complaint and the order screening the original complaint was four-months and nine days. The amended complaint was filed more than three years after the April 2020 allegations and more than two years and nine months after the July 2020 allegations. Thus, even if the statute of limitations were tolled for four months and nine days while the Court screened the original complaint, Ms. McKinley's claims would still fall outside the two-year statute of limitations to bring a *Bivens* claim.